IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 12-cr-00038-CMA-04
Civil Action No. 17-cv-01921-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

4. JORGE ALFREDO GUIJARRO,

    Defendant-Petitioner.

___

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION**
___

The matter is before the Court on Defendant-Petitioner Jorge Alfredo Guijarro's Petition under 28 U.S.C. § 2255, wherein he requests that his criminal conviction and sentence be vacated based on a sentencing error and because he received ineffective assistance of counsel. (Doc. # 1189.) Plaintiff-Respondent United States of America (the Government) objects to Mr. Guijarro's Petition (Doc. # 1203), and for the following reasons, the Court denies it.

## I.     BACKGROUND

On February 2, 2016, Mr. Guijarro pled guilty to Conspiracy to Distribute and Possess with the Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(I)(a)(ii)(ll) based on his involvement in a drug trafficking organization between March 2011 and January 2012. (Doc. ## 1, 1067.)

The plea agreement contained a waiver of appeal wherein he waived the right to challenge his "prosecution, conviction, or sentence in any collateral attack (including,

but not limited to, a motion brought under 28 U.S.C. § 2255)," except in limited circumstances, including a claim of ineffective assistance of counsel or prosecutorial misconduct. (Doc. # 1067 at 5.)

The plea agreement also contained several stipulations regarding sentencing. For example, the Parties stipulated that Mr. Guijarro's base offense level was 34 because the amount of cocaine reasonably foreseeable to him was "at least 50 kilograms, but less than 150 kilograms." (*Id.* at 10.) They further stipulated to a two-level enhancement for Mr. Guijarro's role as an organizer, leader, manager or supervisor in the drug conspiracy pursuant to USSG § 3B1.1(c); and a three-level downward departure for his timely acceptance of responsibility. (*Id.*)

Mr. Guijarro was sentenced on May 31, 2016. (Doc. # 1196.) At sentencing, the Court determined that Mr. Guijarro's offense level was level 33 and his criminal history category was II, resulting in an advisory guideline range of 151 to 188 months in prison. (*Id.* at 10.) The Court then granted the Government's motion for a downward departure under § 5K1.1 and sentenced Mr. Guijarro to 120 months in prison. (*Id.* at 10, 20.)

Mr. Guijarro's habeas petition raises several arguments that can be distilled into two main claims. First, Mr. Guijarro argues that the Court committed a sentencing error—namely, that it miscalculated Mr. Guijarro's base offense level to be 34, rather than 30. Second, Mr. Guijarro contends that he received ineffective assistance of counsel at sentencing because counsel failed to argue for a lower base offense level or to highlight mitigating factors that might lower is sentence. The Court addresses each claim in turn.

## II. **SENTENCING ERROR CLAIM**

Mr. Guijarro first contends that his base offense level should have been a level 30, which applies to offenses involving "[a]t least 5 KG but less than 15 KG of Cocaine," not a level 34, which applies to offenses involving "[a]t least 50 KG but less than 150 KG of Cocaine," pursuant to United States Sentencing Guideline (USSG or Guideline) § 2D1.1. Mr. Guijarro's argument is premised on his assertion that the Guidelines provide for different base offense levels based on the purity of the cocaine involved. To support his argument, Mr. Guijarro also inserts "pure" into § 2D1.1(c) of the Guidelines. (Doc. # 1189 at 4.) The Government responds that Mr. Guijarro's claim lacks merit because it misinterprets the Guidelines.[1] The Court agrees with the Government.

The Tenth Circuit has made clear that "[a]s long as there was a detectable amount of cocaine in the substance recovered from [the defendant], the purity . . . is irrelevant." *United States v. Laster*, 659 F. App'x 468, 475 (10th Cir. 2016); *see also United States v. Maden*, 173 F.3d 865 (10th Cir. 1999) ("[N]either the Sentencing Guidelines nor [21 U.S.C. § 841(b)(1)(A)] establishes a purity level for crack cocaine. *See* USSG § 2D1.1(c) notes to drug quantity table (D) (compare notes (B) & (C) which establish purity levels for 'PCP' and 'Ice')."). Indeed, for § 841(a)(1) convictions, the Guidelines assign defendants a base offense level based on "the quantity and type of drug" involved in the crime. *United States v. Darton*, 595 F.3d 1191, 1192 (10th Cir. 2010). The "quantity" of a drug is determined by its weight. *Id.* (citing USSG § 2D1.1(c)). "Unless otherwise specified,[2] the weight of a controlled substance set forth

---

[1] The Government also argues that Mr. Guijarro waived his right to bring this claim and that it is not cognizable in a § 2255 petition. Because the Court finds that Mr. Guijarro's claim fails on the merits, it need not address the Government's procedural arguments.

[2] Note (B) to the Drug Quantity Table explains that "the terms PCP (actual), Aphetamine (actual), and Methamphetamine (actual) refer to the weight of the controlled substance, itself,

in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." USSG § 2D1.1 (c) n.A.

Thus, as long as—(1) the overall weight of the substance attributable to Mr. Guijarro was between 50 KG but less than 150 KG, and (2) that substance contained a "detectable amount" of cocaine base—his base offense level was 34, regardless of the cocaine's "purity." *Laster*, 659 F. App'x at 475; *see* § 2D1.1(c)(3).

Accordingly, Mr. Guijarro's claim that the Court committed a sentencing error is without merit, and the Court therefore denies Mr. Guijarro's request to vacate or alter his sentence on those grounds.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Mr. Guijarro next claims that he received the ineffective assistance of counsel because (1) counsel induced him to plead guilty by advising him that his base offense level would be lowered to 30 based on the purity level of the cocaine; and (2) counsel failed to adequately present the Court with mitigating factors about his minor and coerced role in the drug organization at sentencing.

#### A. STRICKLAND STANDARDS

It is well settled that a criminal defendant is entitled to "the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Courts implore a two-part test in determining whether counsel provided effective assistance. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). First, the court determines whether counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. This prong is necessarily linked to the practice and expectations of the legal community:

---

contained in the mixture or substance." USSG 2D1.1(c) n.B. It then explains, "[f]or example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP." (*Id.*) Neither the Table nor the notes following contain a similar explanation or distinction for the weight of cocaine—the substance at issue in this case.

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688; *see also Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). Second, the court considers whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Court may assess the two prongs in any order, and failure under either is dispositive. *Strickland*, 466 U.S. at 697.

### B. ANALYSIS

1. <u>Base Offense Level</u>

Mr. Guijarro first argues that his counsel was ineffective for failing to argue that his base offense level should be 30, rather than 34, based on the purity level of the cocaine involved, despite advising Mr. Guijarro that he would so argue. The Court disagrees that counsel's performance was deficient under *Strickland*.

First, Mr. Guijarro has not established that counsel's performance was unreasonable. Indeed, Mr. Guijarro stipulated to a base offense level of 34 in his plea agreement. (Doc. # 1067 at 10.) Mr. Guijarro not only signed the plea agreement but also reiterated to the Court at the plea hearing that he had reviewed the agreement with counsel and understood its terms, including the sentencing computation provisions. (Doc. # 1197 at 11, 20–21.) The Court provided Mr. Guijarro an extensive plea colloquy and found that he understood and agreed to the terms of the plea agreement. (*Id.* at 32–33.) The Court specifically detailed that, according to the Government, Mr. Guijarro was facing a guideline range between 168 to 210 months. (*Id.* at 21.) Mr. Guijarro acknowledged this possibility and orally agreed to its terms. (*Id.* at 22–23.)

Considering Mr. Guijarro's representations that he agreed to the base offense level calculation, his representations that his counsel promised to dispute this calculation is unconvincing. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (U.S. 1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

Second, to satisfy the prejudice prong, Mr. Guijarro must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *see also Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002). When, as here, the basis for an ineffective assistance claim is the failure to raise an issue, the court must look to the merits of the omitted issue. *See Jones v. Gibson*, 206 F.3d 946, 959 (2000). If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance. *Id.*

The Court has already concluded that the purity level of the cocaine is irrelevant for purposes of determining Mr. Guijarro's based offense level pursuant to well-established Tenth Circuit precedent and the plain language of the Guidelines. Counsel's challenge, therefore, would have been without merit, and Mr. Guijarro cannot establish prejudice. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).[3]

2. Mr. Guijarro's Role in the Conspiracy

Mr. Guijarro next argues that his counsel was ineffective because she failed "to properly investigate the fact that he was not a leader or organizer of the conspiracy,

---

[3] Moreover, Mr. Guijarro received the mandatory minimum sentence for his offense. Thus, lowering the guideline range applicable to him would not have produced a different result.

suffers from mental impairments, and was forced into drug dealing," and for failing to present "the court with argument why those factors needed to be considered in its sentencing decision." (Doc. # 1189 at 8–9.) The Court again disagrees that counsel's performance was deficient under *Strickland*.

First, counsel's performance was reasonable. With respect to Mr. Guijarro's role as a "leader or organizer," Mr. Guijarro agreed to a two-level enhancement on these grounds. In other words, in his plea agreement and again at the plea hearing, Mr. Guijarro conceded that he was an organizer, leader, manager or supervisor in the drug conspiracy and therefore subject to a sentence enhancement pursuant to USSG § 3B1.1(c); when explaining to the Court the plea agreement, Mr. Guijarro's counsel stated "we are agreeing that he was a supervisor." (Doc. # 1097 at 9.) Mr. Guijarro then agreed to counsel's description of the plea agreement and contended that he understood and voluntarily agreed to it. (*Id.* at 11–12.) Considering this, counsel's failure to re-visit an issue at sentencing that was stipulated at Mr. Guijarro's plea hearing was not unreasonable.

Moreover, contrary to Mr. Guijarro's contentions, the record reflects that his counsel argued to the Court at sentencing that numerous mitigating factors supported lowering Mr. Guijarro's sentence. She specifically highlighted for the Court that: (1) Mr. Guijarro was from an area in Mexico that is under "the control of" and "run by" the drug cartel; (2) his choice was "either participation [in the drug trade] or something bad happening to [his] family;" (3) during her representation of him, "there have been individuals that have been killed in California[,] . . . threats on his family, threats to his stepdaughter"; (4) consequently, "his family is living in fear"; and (6) as a result of the drug trade, the "higher ups get really, really , really wealthy, and everybody else ends

up in prison and [with] no money." (Doc. # 1196 at 14–16.) Counsel then urged the Court to sentence Mr. Guijarro to the minimum sentence of 120 months, which the Court ultimately did. (*Id.* at 17, 20.) In light of this record, the Court does not find counsel's representation to be unsound or unreasonable. Mr. Guijarro's displeasure with his attorney's performance or desire for her to emphasize other mitigating factors provides insufficient grounds for a finding that she acted unreasonably.

Second, Mr. Guijarro has likewise not established that he was prejudiced. Indeed, his counsel presented the Court with virtually all of the mitigating factors that Mr. Guijarro presently highlights. And Mr. Guijarro does not detail any additional mitigating factors that would support or cause a different outcome in his case, especially considering that the Court sentenced Mr. Guijarro well below the guideline range.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Guijarro's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. # 1189.)

DATED: April 23, 2018          BY THE COURT:

*Christine M. Arguello*
———————————————
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Indeed, as mentioned, Mr. Guijarro received the mandatory minimum sentence for his offense. Thus, providing more mitigating factors would not have rendered a different result.