IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 12-cr-00038-CMA-04
Civil Action No. 17-cv-01921-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

4. JORGE ALFREDO GUIJARRO,

    Defendant-Petitioner.

## ORDER DENYING A CERTIFICATE OF APPEALIBILITY

The matter is before the Court on a limited remand from the Tenth Circuit asking this Court to consider whether to issue a Certificate of Appealability (COA) to Defendant-Petitioner Jorge Alfredo Guijarro. (Doc. # 1211.) Having thoroughly reviewed the issue, the Court denies a COA.

A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Guijarro's habeas petition raised two claims: (1) the Court committed a sentencing error by applying the wrong base offense level; and (2) his counsel was ineffective for failing to argue for a lower base offense level or to highlight mitigating factors that might lower his sentence. As to the first claim, a COA is unsupported. Indeed, Mr. Guijarro stipulated to the base offense level of 34, and, more importantly,

Tenth Circuit precedent supporting that base offense level in this case is clear and unequivocal. *See United States v. Laster*, 659 F. App'x 468, 475 (10th Cir. 2016). With respect to the second claim, again, a COA should not issue. Indeed, Mr. Guijarro made no showing of prejudice in his habeas petition, nor is there any indication that prejudice could be established. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984) (requiring a showing of prejudice to prevail on an ineffective assistance of counsel claim). Moreover, Mr. Guijarro's arguments with respect to trial counsel's performance are clearly belied by his acknowledgements in his plea agreement and at his plea hearing. Mr. Guijarro did not, therefore, make a substantial showing of the denial of a constitutional right. *See id.*; *Blackledge v. Allison*, 431 U.S. 63, 73–74 (U.S. 1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

Because reasonable jurists would not find this Court's assessment of Mr. Guijarro's constitutional claims debatable or wrong, the Court concludes that a COA should not issue in this case.

For the foregoing reasons, the Court DECLINES to issue a COA in this case.

DATED: May 10, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge